DATED this 23rd day of April, 1990.

FROM: THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT, COUNTY OF LEWIS AND CLARK.

STATE OF MONTANA,

| | | |
|----------------|-|----------------------|
| Plaintiff, | | NO. BDC-88-139 |
| vs. | | DECISION |

GEOFREY GUY SWAN,

Defendant.

On March 3, 1989, the Defendant was sentenced to forty (40 years for Sexual Intercourse Without Consent plus ten (10 years for the use of a weapon, to be served consecutively; The defendant shall not be eligible for parole until successfully completing the sex offender program; plus conditions when paroled. Dangerous Offender.

On April 23, 1990, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by Morgan Queal, of the Montana Defender Project. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it if such is possible. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the case shall be taken under advisement and a copy of the Transcript of the Change of Plea Hearing will be ordered by this Court.

It is the intention of this Division, that if, at the Change of Plea, the defendant admitted inflicting bodily injury, that the Board will affirm the original sentence imposed. If he did not, in the Change of Plea, admit to inflicting bodily injury, then this Board will have a telephone conference call to decide the issue.

The probability is that the case will be remanded back to the District Court to make findings as to why the forty (40 year sentence was imposed rather than the twenty (20 years.

The record indicates that in the Change of Plea, the defendant was advised that the maximum sentence was two (2 to forty (40 years, but we find that the law requires there be bodily injury in order for the forty (40 year maximum to apply rather than the twenty (20 years.

The Change of Plea Transcript will be reviewed first, then a decision will be made whether to affirm the original sentence or to remand it back to the sentencing judge.